USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    3/16/2026

**MEMO ENDORSED**

(see p. 2)

## ANTHONY J. CENTONE, P.C.
ATTORNEY AT LAW

1950 East Main Street, Suite 205A
Mohegan Lake, New York 10547

(914) 528-4529

ANTHONY J. CENTONE *
anthonycentone@centonelaw.com

_____

* ALSO ADMITTED IN PA & NJ

March 13, 2026

The Honorable Nelson S. Roman
United States District Court Judge
The Honorable Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

Re:  Imad Ayoubi v. Doaa Ayoubi
     7:26 CV 01028 (NSR)

Dear Judge Roman:

Please be advised that I represent the defendant, Doaa Ayoubi, in the above-referenced case. I write this letter pursuant to Section 8 of Your Honor's Individual Practice Rules, as defendant Ayoubi would like to file a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

Plaintiff's complaint fails to state any cause of action upon which relief can be granted. Instead of alleging any proper cause of action, plaintiff's complaint demands part of the proceeds from the sale of Ms. Ayoubi's lawful property, which she solely owned pursuant to a divorce decree.

Furthermore, pro-se plaintiff Imad Ayoubi served a summons with a "letter" addressed to the court (see attached Exhibit "A"). No formal complaint was attached to the summons. The form of any complaint requires the plaintiff to state its claim in numbered paragraphs and a demand for the relief sought (Fed. R. Civ. P. 10(b)). The complaint must also state the grounds for relief sought (Fed. R. Civ. P. 7(b)). Here, the plaintiff does no such thing. Plaintiff does not number his paragraphs, nor does he ever state a proper claim. Instead of stating a proper claim, the plaintiff merely attempts to argue that he is entitled to the proceeds of the sale of the home. The plaintiff never outlines under what grounds he is entitled to these proceeds.

To state a plausible claim for relief, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Additionally, the factual allegations within a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Substantively, it is well established under New York law that the owner of property in fee simple absolute cannot be subject to alienation restrictions, as that would run contrary to the owner's rights under fee simple absolute. *See Application of Mazzone,* 281 N.Y. 139, 146 (1939). The New York Court of Appeals has previously held "[t]here can be no doubt that the rule of common law as well as the constitutional provision was intended to and did void covenants in voluntary conveyances of a fee which had the effect of restraining subsequent alienation of the property." Id.

Consequently, the plaintiff has failed to assert any facts which could demonstrate legal misconduct by the defendant. The plaintiff clearly admits in his complaint that he transferred the former marital property to the defendant. Additionally, the stipulation of settlement for the divorce states that the "Husband shall transfer and assign to wife, and hereby waives and relinquishes, all of his right title and interest in and to the marital residence" (see attached Exhibit "B" pg. 18 ¶ 2). Thus, any alleged agreement not to transfer the property between the parties would be void. Such an agreement would run contrary to well established New York law that restrictions on alienation are void as they run contrary to owner's right of fee simple absolute. Taking all the plaintiff's claims as true, he has failed to establish any facts which would tend to show misconduct by the defendant.

Therefore, defendant Ayoubi seeks leave to file a motion seeking dismissal of plaintiff's complaint pursuant to FRCP 12(b)(6). I look forward to hearing from the court in this regard.

Very truly yours,

Anthony J. Centone

cc. Imad Ayoubi

**The Court waives the pre-motion conference  and sets the following briefing schedule for Defendant Doaa Ayoubi's motion to dismiss:**

**(1) Defendant's moving papers are to be served (not filed) by April 27, 2026;**
**(2) Plaintiff's opposition papers are to be served (not filed) by June 8, 2026; and**
**(3) Defendant's reply papers are to be served and filed on June 22, 2026.**

**All motion papers are to be filed on the reply date,  June 22, 2026. Defendant is directed to file all motion papers, including pro se Plaintiff's opposition papers. The parties shall mail two courtesy copies to chambers of their respective papers as they are served. Defendant is further directed to provide an electronic copy of all motion papers (including pro se Plaintiff's papers) by email to chambers as soon as practicable after filing.**

**The Clerk of Court is kindly directed to terminate the motion at ECF No. 8, to mail a copy of this endorsement to Plaintiff at the address on the docket, and to show service on the docket.**

**Dated: March 16, 2026**
**White Plains, New York**

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

Imad Ayoubi

103 Moore Ave

Mount Kisco, NY 10549


Doaa Ayoubi

12 Logging Rd

Katonah, NY 10536

Dear Honorable Judge and Federal Court

In 2018, I agreed with my ex-wife that I will transfer our home in value over one million to her name as a marital property for my two girls Angelina and Regina. The agreement was during the divorce, and she said to protect the home from my older children and to keep the home as marital property.

We purchased the 12 Logging Rd. Katonah, NY 10536 in October 2016, the down payment for 250.000.00 dollars was paid mostly by selling the older home 6208 80th street. Middle Village, NY 11379 in which mostly it is from my own challenging work. When I married Doaa, she did not have money to purchase the old home and she never had that status to do any for the older home, and I included my other home in Florida in that apartment for amount of 45.000.00 dollars.

My ex-wife was a student at SUNY from 2005 to 2011 doing pharmacology, and after that she did infection control for one year.

My agreement with her and I have her message and witnessed by her younger brother Ahmad and other friends.

The ex-wife for no reason and with no consideration she decided to sell the home to move with a new relationship, and when I asked my fair of the home, she said that for the kids therefore, I am asking the court to help me in this situation and clear my money, I worked hard for that money, and she is now away with a new relationship and no reason to have that money of mine.


Thank you.

Imad Ayoubi

# EXHIBIT B

This **STIPULATION OF SETTLEMENT AND AGREEMENT** made this ___ day of May, 2018, between **DOAA ELSAYED AYOUBI**, residing at 12 Logging Road, Katonah, New York 10536 (hereinafter referred to as "Wife" or "Mother"), and **IMAD EDDIN AYOUBI**, residing at 1 Kennedy Avenue, Apartment 1214, Danbury, Connecticut 10536 (hereinafter referred to as "Husband" or "Father").

### RECITALS

**WHEREAS,** the parties were married to each other in a civil ceremony in Kew Gardens, Queens, New York on October 11, 2002;

**WHEREAS,** there are (2) unemancipated children of the marriage, *to wit*: Angelina Imad Ayoubi, born August 23, 2006 and Regina Imad Ayoubi, born November 6, 2008 (the "Children"). There are no additional children of the marriage expected;

**WHEREAS,** in consequence of disputes and irreconcilable differences between them, the parties have separated and are now living separate and apart, and intend to continue to live separate and apart for the rest of their natural lives; and

**WHEREAS,** an action for divorce based on DRL §170(7), irretrievable breakdown of relationship for at least 6 months, was commenced on April 16, 2018 by the Wife against the Husband in the Supreme Court of the State of New York, County of Westchester, entitled **DOAA ELSAYED AYOUBI**, Plaintiff, against **IMAD EDDIN AYOUBI**, Defendant, and bearing the Index number 55545/2018 (the "Divorce Action"); and

**WHEREAS,** by way of the instant Stipulation of Settlement and Agreement ("Agreement"), the parties desire to confirm their separation and make arrangements in connection therewith, including fixing their respective rights to custody and access, together with

2.    The parties expressly agree that as part of the equitable distribution of all property that might be considered to be marital property of the parties and in consideration therefor, Husband shall transfer and assign to Wife, and Husband hereby waives and relinquishes, all of his right, title and interest in and to the Marital Residence. Within thirty (30) days of the execution of this Agreement, the Husband shall deliver all documents in his possession, if any, relating to the Marital Residence to the Wife including, but not limited to, any architectural plans, surveys and receipts for improvements.

3.    Within five (5) days of receipt thereof from the Wife, the Husband shall execute and return to the Wife or her attorney a deed and all paperwork as may be necessary in order to transfer title to the Marital Residence from the parties' joint name to the Wife's sole name.

4.    Within five (5) days of the execution hereof, the Husband shall return to the Wife all keys to the Marital Residence in his possession.

5.    The Wife and/or her legal representative shall be responsible for any filing or recording of the deed and all ancillary documents necessary to transfer title of the Marital Residence to her name alone with the County Clerk of Westchester County. Wife shall be solely responsible for the payment of all costs associated with the transfer, including without limitation, transfer taxes and fees, recording costs and filing fees, and the Wife hereby indemnifies the Husband and holds him harmless in regard to all such expenses.

6.    The Marital Residence is presently encumbered by a mortgage held by Home Point in the parties' joint names with an approximate balance of $613,000 as of April 20, 2018 (the "Mortgage").

7.    Except for the Mortgage, the Husband represents that he has not caused (nor will cause) any loan, lien or encumbrance of any kind to be placed on the Marital Residence. Upon

18