USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IMAD AYOUBI, Plaintiff, –against– DOAA AYOUBI, Defendant. | 7:26-cv-1028 (NSR) **OPINION & ORDER** |

NELSON S. ROMÁN, United States District Judge:

Pro se Plaintiff, Imad Ayoubi ("Plaintiff") brings this action against Defendant Doaa Ayoubi ("Defendant") alleging misconduct by the defendant in the sale of former marital property. A generous interpretation of Plaintiff's Complaint, which is in a one-page letter format, potentially reveals an alleged oral agreement between Plaintiff and Defendant to not sell the former marital property located at 12 Logging Road, Katonah, NY 10536 ("the property").

Presently before the Court is Defendant's unopposed motion to dismiss any possible legal claims in Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion is GRANTED.

## FACTUAL BACKGROUND

Plaintiff's Complaint is formatted as a one-page letter and does not include a factual background or comply with the formatting standards of a proper complaint. The limited facts are derived from the Complaint. At this stage, Plaintiff's allegations are taken as true and construed in the light most favorable to Plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Complaint seems to allege that Plaintiff and Defendant were once married and had a piece of marital property together. Plaintiff alleges "In 2018, I agreed with my ex-wife that I will transfer our home in value over one million to her name as a marital property for my two girls Angelina and Regina. The agreement was during the divorce, and she said to protect the home from my older children and to keep the property home as marital property." The Plaintiff alleges that Defendant sold the home and Plaintiff is now seeking monetary relief.

## PROCEDURAL HISTORY

Plaintiff initiated this action on February 6, 2026. (ECF No. 1). On March 13, 2026, Defendant filed notice of its intention to file a motion to dismiss. (ECF No. 8). On June 15, 2026, this Court deemed Defendant's motion to dismiss to be fully submitted once the moving papers are filed since Plaintiff failed to timely file an opposition or request an extension to do so. (ECF No. 11). On June 16, 2026, Defendant's motion to dismiss was filed. (ECF No. 12).

## LEGAL STANDARD

Under Rule 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pleaded factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 664. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference ... and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

A pro se complaint must still satisfy this plausibility standard and thus only survives a motion to dismiss if it makes factual allegations that "allow the Court, based on its judicial experience and common sense . . . to make a reasonable inference that the defendant is liable for the misconduct alleged." *Wallace v. New York*, 40 F. Supp. 3d 278, 294–95 (E.D.N.Y. 2014) (citations omitted).

## DISCUSSION

Construing Plaintiff's pro se Complaint liberally, the Court understands Plaintiff to allege that Defendant breached an oral agreement made during their divorce proceedings by selling their former marital residence. Defendant argues that Plaintiff's claim fails because Plaintiff relinquished all rights to the property pursuant to the parties' divorce settlement agreement and the subsequent transfer of title to Defendant.

In support of her motion, Defendant submits the Bargain and Sale Deed, the Divorce Property Settlement Agreement, and the Judgement of Divorce. These documents establish that

Plaintiff transferred his interest in the property to Defendant as part of the parties' divorce. Specifically, the Divorce Property Settlement Agreement provides:

> The parties expressly agree that as part of the equitable distribution of all property that might be considered to be marital property of the parties and in consideration therefor, Husband shall transfer and assign to Wife, and Husband hereby waives and relinquishes, all of his right, title and interest in and to the Marital Residence. Within thirty (30) days of the execution of this Agreement, the Husband shall deliver all documents in his possession, if any, relating to the Marital Residence to the Wife…Within five (5) days of receipt thereof from the Wife, the Husband shall execute and return to the Wife or her attorney a deed and all paperwork as may be necessary in order to transfer title to the Marital Residence from the parties' joint name to the Wife's sole name.

The Agreement further provides that Plaintiff shall execute the necessary documents to transfer title to the property from the parties' joint names to Defendant's sole name. The Judgement of Divorce likewise reflets Plaintiff's agreement to transfer the property to Defendant.

Under New York Law, where a contract for sale of real property has been executed by a conveyance, contractual provisions concerning the nature and extent of the property conveyed generally merge into the deed. *Meyers v. Berl*, 213 A.D.3d 1233, 1235 (4th Dep't 2023). Consequently, inconsistencies between the contract and the deed are ordinarily governed by the deed, which is presumed to reflect the parties' final agreement. *Id*. Although exceptions to the merger doctrine exist, including where the parties intended a contractual provision to survive delivery of the deed, Plaintiff alleges no facts suggesting that any such exception applies here. *See Pickard v. Campbell*, 207 A.D.3d 1105, 1108 (4th Dep't 2022).

Moreover, to the extent Plaintiff alleges that Defendant orally agreed never to sell the property, such an agreement would constitute an impermissible restraint on alienation if construed as a restriction on the fee simple estate conveyed to Defendant. Under New York law, a restriction

prohibiting the owner of property held in fee simple absolute from conveying that property is generally void as against public policy. *See Matter of Mazzone*, 281 N.Y. 139, 146 (1939); *Matter of Brower*, 25 Misc. 2d 482, 483–84 (Sur. Ct., Richmond Cnty. 1960). Here, Plaintiff transferred his interest in the property to Defendant, and the divorce documents contain no restriction on Defendant's ability to subsequently convey the property. Accordingly, Plaintiff cannot maintain a claim premised solely on the existence of a continuing restriction on Defendant's ownership and right to sell the property.

**LEAVE TO AMEND**

Although courts generally afford pro se Plaintiffs an opportunity to amend their complaints, leave to amend may be denied where amendment would be futile. *See Couco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, the Court finds that granting Plaintiff leave to amend would be futile because the deficiencies in Plaintiff's Complaint are substantive and cannot be cured through additional factual allegations or better pleading. *See id*. Accordingly, the Court dismisses Plaintiff's Complaint with prejudice and without leave to amend.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss the Complaint is GRANTED with prejudice. Plaintiff's The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 12 and close the case.

SO ORDERED.

Dated: November 19, 2026
White Plains, New York



Nelson S. Román, U.S.D.J.